UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JOHANNES PIETER JANSE VAN RENSBURG,
GRAHAM PATRICK THEUNISSEN, ZEP VAN WYK,
JACOBUS JOHANNES RABIE, AND
SHAUN NIEUWOUDT                                                                PLAINTIFFS

VS.                                              NO. 3:19cv8-DPM     JURY DEMANDED

ROBERT HOOD d/b/a HOOD BROTHERS FARMS,
MICHAEL HOOD d/b/a HOOD BROTHERS FARMS,
AND HOOD BROTHERS FARMS                                                DEFENDANTS

## FIRST AMENDMENT TO ANSWER

Comes the defendants, Robert Hood, Michael Hood, and Hood Brothers Farms and for their Combined First Amendment to Answer to the Complaint of the plaintiffs state:

1. Deny the allegations of paragraph 1.

2. Admit the allegations of the first sentence of paragraph 2. Deny the remaining allegations of paragraph 2.

3. Deny the allegations of paragraph 3.

4. Deny the allegations of paragraph 4.

5. Deny the allegations of paragraph 5.

6. Deny the plaintiffs have any claim against any of the defendants as alleged in paragraph 6 or on any other basis.

7. Admit this court has jurisdiction over actions brought under 18 U.S.C. §1595 (a) Trafficking Victims Protection Reauthorization act (TVPVA) but, denies that defendants are liable to plaintiffs under this act or have stated a claim under this act. Denies the remaining allegations of paragraph 7.

8. Deny the allegations of paragraph 8 and request the court to decline to exercise any supplemental jurisdiction over any state law claims asserted, which defendants deny in their entirety. Furthermore Plaintiffs state law claim for alleged breach of contract, fraud, and promissory estoppel, arising out of claim defendants promised to reimburse them for the cost of their inbound travel expenses during the first week of their employment, are not related to their federal claim of being subject to forced labor in violation of 18 U.S.C. §1585(a). Plaintiff Nieuwoudt's state law claim of assault and battery is also not related to the forced labor claim, which is the only claim that gives the Court subject matter jurisdiction since defendants are exempt from the provisions of the Fair Labor Standards Act.

9. Deny the allegations of paragraph 9.

10. Admit venue lies herein for 18 U.S.C. §1595 claims but not for state law claims. That venue is also not proper for alleged Fair Labor Standards Act claims since Defendants are exempt from the provisions of the Fair Labor Standards Act.

11. Admit the allegations of paragraph 11.

12. Deny the allegations of paragraph 12.

13. Admit the allegations of paragraph 13.

14. Deny the allegations of paragraph 14.

15. Admit the allegations of paragraph 15.

16. Deny the allegations of paragraph 16.

17. Admit the allegations of paragraph 17.

18. Deny the allegations of paragraph 18.

19. Admit that plaintiffs are citizens of South Africa. Exhibit A paragraph 16 describes the job duties plaintiffs were to perform for defendants. Admit plaintiffs arrived in

February or early March of 2018. For lack of information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 19, deny these allegations.

20. Admit the allegations of paragraph 20 except these plaintiffs first day of work was March 1, 2018 and their last day of work was April 4, 2018.

21. Admit the allegations of paragraph 21 except these plaintiffs first day of work was March 9, 2018 and their last day of work was April 3, 2018. Deny they were wrongfully fired.

22. Admit the allegations of paragraph 22, except the references to US Code provisions.

23. Admit the allegations of paragraph 23 except the reference to regulation.

24. Admit the factual allegations of paragraph 24 except the references to regulations.

25. Admit the allegations of paragraph 25.

26. Admit the allegations of paragraph 26 except as to wheat, because defendants did not produce wheat.

27. Admit the allegations of paragraph 27.

28. Admit the allegations of paragraph 28 except as to reference to particular regulation.

29. Admit the allegations of paragraph 29, except the clearance order only allowed Hood Brothers Farms to recruit foreign workers, not the other defendants.

30. Deny because the order attached as Exhibit A to the Complaint is not complete because it fails to include attachments referenced therein.

31. Admit that clearance order with attachments serves as H2A workers contract. Deny remaining allegations of paragraph 31.

32. For lack of information or knowledge sufficient of form a belief as to the truth of the allegations in paragraph 32, deny these allegations.

33. Deny these allegations. The document attached as Exhibit B is also not signed by the plaintiffs. Furthermore, by the terms of this referenced document, the clearance order with attachment states the contractual obligations of the parties.

34. Deny these allegations, because Exhibit B attached is not signed by plaintiffs. Furthermore, the terms of employment, even if shown to be executed by plaintiffs, does not constitute a contract of employment.

35. Deny the allegations of paragraph 35.

36. Deny the allegations of paragraph 36. Plaintiffs have not produced any such document signed by the plaintiffs to indicate these allegations were terms of employment. To the contrary Exhibit B specifically states the clearance order, with attachment, states the contractual obligations of the parties.

37. Deny the allegations of paragraph 37.

38. Deny the allegations of paragraph 38.

39. Deny the allegations of paragraph 39.

40. Deny the allegations of paragraph 40. Furthermore, plaintiffs were reimbursed for the cost of Neurolink test.

41. For lack of information or knowledge sufficient to form a belief as to the truths of these allegations, deny these allegations.

42. For lack of information or information sufficient to form a belief as to the truths of these allegations, deny these allegations.

43. For lack of information or knowledge sufficient to form a belief as to the truths of these allegations, deny these allegations.

44. Deny the allegations of paragraph 44.

45. Deny the allegations of paragraph 45.

46. Deny the allegations of paragraph 46.

47. Deny the allegations of paragraph 47.

48. Deny the allegations of paragraph 48.

49. Admit defendants reimbursed each plaintiff certain expenses as follows: Zep Vanwyk - $440.00; Jacobus Rabie - $$440.00; Graham Theunissen - $440.00; Shawn Niewouldt - $415.00; and Pieter Rensburg - $415.00, which included each plaintiff's consulate fee, meal costs, and testing costs. Admit defendants did not reimburse plaintiffs for air fare from South Africa from the airport of plaintiffs' choice to travel to the United States because plaintiffs did not furnish defendants with any amount of air fare cost, much less proof thereof. Furthermore defendants were not legally obligated to reimburse plaintiff for inbound air fare because plaintiffs did not complete 50% of the period they agreed to work for the defendant, Hood Brothers Farms.

50. Deny the allegations of paragraph 50.

51. Deny the allegations of paragraph 51.

52. Deny the allegations of paragraph 52.

53. Deny the allegations of paragraph 53.

54. Deny the allegations of the first sentence of paragraph 54. Plaintiff Vanwyck, Rabie, and Theunissin, were each paid $168.46 for 15.7 hours of work at $10.75 per hour during their first week of work. Plaintiffs, Nieuwoudt and Rensburg were each paid $85.84 during their

first work week for 8 hours of work at $10.73 per hour. Deny the remaining allegations of paragraph 54 of the complaint. Specifically deny that defendants were obligated to reimburse plaintiffs for inbound transportation fee or any other expenses they incurred in travels to the United States during their first week of employment in violation of any federal minimum wage because defendant are exempt from the Federal Fair Labor Standards Act.

55. Admit the allegations of paragraph 55 except deny that defendants produced wheat. By this admission, defendants do not admit they are subject to the provisions of the Federal Fair Labor Standards Act because they are exempt from its provisions.

56. Admit the allegations of paragraph 56. By this admission, defendants do not admit they are subject to the provisions of the Federal Fair Labor Standards Act because they are exempt from its provisions.

57. Admit the allegations of paragraph 57 except deny that defendants produced wheat. By this admission, defendants do not admit they are subject to the provisions of the Federal Fair Labor Standards Act because they are exempt from its provisions.

58. Admit the allegations of paragraph 58 except deny that defendants produced wheat. By this admission, defendants do not admit they are subject to the provisions of the Federal Fair Labor Standards Act because they are exempt from its provisions.

59. Admit the allegations of paragraph 59 as to Hood Brothers Farms. By this admission, defendants do not admit they are subject to the provisions of the Federal Fair Labor Standards Act because they are exempt from its provisions.

60. Admit Rob Hood signed document attached as Exhibit B. Deny that such document constitutes an employment contract with any plaintiff because by the terms of this document, it is not a contract of employment and any difference between it and 790 Form with

attachment is resolved with preference being given to such ETA Form 190 with attachment. This 790 form with attachment states transportation and related costs are not owing to plaintiffs until they finish 50% their employment period, which they did not do. Admit defendant Rob Hood directed and supervised plaintiffs' work and their hours and payment of wages and signed hourly records and paychecks, and terminated plaintiffs, Pieter Van Rensburg, and Shawn Nieuwoudt, in behalf of Hood Brothers Farms, their employer, but such termination was for cause. Deny the other plaintiffs were terminated but they resigned. Deny any other allegations of paragraph 60, not specifically admitted herein. Attached hereto as Exhibit A is ETA Form 790 with attachment that defendant Rob-Hood signed on behalf of Defendant Hood Brothers Farms.

61. Admit defendant, Michael Hood, supervised plaintiffs. Admit Rob Hood was primarily responsible for completing the necessary documents for H2-A workers. Deny the remaining allegations of paragraph 61.

62. Admit that Rob Hood and Michael Hood were general partners of Hood Brothers Farms. Admit subparagraphs a and b of paragraph 62. Deny the allegations of subparagraphs c and d of paragraph 62. Admit the allegations of subparagraph e, since both were general partners. Admit the allegations of subparagraph f. Deny the allegations of subparagraph g as Rob Hood was in control of any vacation of the premises after plaintiffs left the employment of Hood Brothers Farms. Deny all other allegations of paragraph 62 not specifically admitted herein.

63. Deny the allegations of paragraph 63.

64. Admit Hood Brothers Farms employed five H2A workers and Pat Greer in 2018. Deny the remaining allegations of paragraph 64.

65. Deny the allegations of paragraph 65.

66. Deny the allegations of paragraph 66.

67. Deny the allegations of paragraph 67.

68. Deny the allegations of paragraph 68.

69. Deny the allegations of paragraph 69.

70. Deny the allegations of paragraph 70.

71. Deny the allegations of paragraph 71.

72. Deny the allegations of the first sentence of paragraph 72. Admit the defendants directed plaintiffs not to use transportation defendants provided except on the farm and for trips to the nearest town for food and groceries. Admit defendants equipped their vehicles with devices to track mileage. Admit defendants cautioned plaintiffs not to drive company vehicles without proper drivers' license and never to drive if drinking alcohol. Deny defendants prohibited plaintiffs' movement when off duty except to limit their driving in company vehicles to on the farm and to the nearest town for groceries and supplies. Deny all other allegations set forth in paragraph 72, not specifically admitted herein.

73. Deny defendants subjected the plaintiffs to abusive living or working conditions. Deny that any defendant threatened the plaintiffs with arrest, deportation, or blacklisting to keep them working for Hood Brothers Farms. Deny any surveillance of plaintiffs. Deny forcing plaintiffs to continue to work for defendants. Deny any and all other allegations not specifically admitted herein.

74. For lack of information or knowledge sufficient to form a belief as to the truth of these allegations, deny the allegations set forth in paragraph 74 as to any contact plaintiffs may have made to Manuel Flick or any response of Mr. Flick. Admit USA Farm Labor had facilitated plaintiffs' employment with Hood Brothers Farms

8

was told some plaintiffs were not coming to work. Deny all allegations not specifically admitted herein.

82. Admit that Rob Hood went to Hood Brothers' housing where plaintiffs, Van Wyck, Rabie, and Theunissen were housed to find out these plaintiffs' intentions after Pat Greer had told him they were not coming to work. Admit that he had a discussion with these plaintiffs whether they were going to continue to work or not. That when he was told they were not going to honor work agreement to give them two weeks' notice before resigning, he told them to get their belongings and leave the premises. Deny all other allegations not specifically admitted herein.

83. Deny the allegations of paragraph 83, except he admits he entered Hood Brothers Farms housing, where they were staying during their employment, through an open door to determine if they were ready to leave.

84. Deny the allegations of paragraph 84.

85. Deny the allegations of paragraph 85.

86. Defendants repeat and incorporate by reference any and all allegations heretofore set forth in their First Amendment to Answer.

87. Deny plaintiffs have any claim against any of the defendants under Trafficking Victims Protection Reauthorization Act (18 U.S.C§1589 and 18 U.S.C. § 1595).

88. Deny plaintiffs have any claim against any of the defendants under Trafficking Victims Protection Reauthorization Act (18 U.S.C§1589 and 18 U.S.C. § 1595).

89. Deny the allegations of paragraph 89.

90. Deny the allegations of paragraph 90.

91. Deny the allegations of paragraph 91.

75. Admit the allegations of paragraph 75 except they believe the date was April 3, 2018.

76. Admit Rob Hood fired plaintiffs, Niewoudt and Van Resnburg because they refused to perform job duties. Deny the remaining allegations of paragraph 76.

77. Admit that defendants may have had handcuffs in the vehicle that plaintiff Nieuwoudt may have ridden in on April 3, 2018 and may have seen because Michael Hood is a constable in Crittenden County, Arkansas. Deny that any defendant in any way utilized these handcuffs to intimidate or threaten plaintiffs in any way. Admit that Plaintiff Nieuwoudt was requested to ride with defendants Michael Hood and Robert Hood after plaintiff Nieuwoudt had been terminated for refusing to perform job duties, so they could determine if he was being mistreated or intimidated by plaintiff, Van Rensburg, who was older and sharing a residence with Niewoudt, and whom they had been advised had earlier performed a vulgar and despicable act toward Niewoudt. Deny all other allegations not specifically admitted herein.

78. Deny the allegations of paragraph 78.

79. Admit plaintiff Niewoudt was told by defendant Robert Hood after he was terminated that he would sue him for defamation if he posted false statements about him or Hood Brothers Farms. Deny all allegations not specifically admitted herein.

80. Admit plaintiff Niewoudt and Van Rensburg were told to leave defendants' premises by 10:00 the next morning, because they had been terminated for refusing to perform job duties. Admit they were told not to cause problems. Denies all other allegations of paragraph 80, not specifically admitted herein.

81. Admit that plaintiffs, Van Wyck and Wiewoudt were terminated for cause. Admit that plaintiffs Van Rensburg and Rabie resigned as did plaintiff Theunissen. Admit Pat Greer

9

92.  Deny the allegations of paragraph 92.

93.  Deny the allegations of paragraph 93.

94.  Deny the allegations of paragraph 94.

95.  Deny the allegations of paragraph 95.

96.  Deny the allegations of paragraph 96.

97.  Deny the allegations of paragraph 97.

98.  Defendants repeat and incorporate by reference any and all allegations heretofore set forth in their First Amendment to Answer.

99.  Deny plaintiffs have any claims under the Fair Labor Standards Act. Furthermore, state that defendants were exempt from the provisions of the Fair Labor Standards Act in 2018 when plaintiffs were employed by Hood Brothers Farms as agricultural laborers because it did not use more than 500 more days of agricultural labor in any calendar quarter in the preceding year of 2017. 29 U.S.C.§213(a)(6)(A).

100.  Although Hood Brothers Farms, Robert Hood and Michael Hood meet the definition of an employer and supervisors, respectively, under U.S.C. § 203(d), deny that they are subject to the previsions of the Fair Labor Standards Act because they were exempt from its provisions at all relevant times as set forth in paragraph 99 of its First Amendment to Answer.

101.  Although defendant Hood Brothers Farms and defendants Michael Hood and Robert Hood meet the definition of an employer within the 29 U.S.C. § 203(g), deny that they are subject to provisions of the Fair labor Standards Act because they are exempt therefrom at all relevant times for the reasons set forth in paragraph 99 of their First Amendment to Answer.

102.  Although plaintiffs were employees of Hood Brothers Farms, Michael Hood and Robert Hood within the meaning of 29 U.S.C. § 203(e), deny that they were subject to the

provisions of Fair Labor Standards Act at all relevant times set forth herein for the reasons set forth in paragraph 99 of their First Amendment to Answer.

103. Deny the allegations of paragraph 103. Further deny they are not subject to the minimum wage provision of FSLA for the reasons set forth in paragraph 99 of their First Amendment to Answer.

104. Deny the allegations of paragraph 104. Further deny they are not subject to the minimum wage provisions of FSLA for the reasons set forth in paragraph 99 of their First Amendment to Answer.

105. Deny the allegations of paragraph 105.

106. Defendants repeat and incorporate by reference any and all allegations heretofore set forth in their First Amendment to Answer.

107. Deny the allegations of paragraph 107. Further deny that the Terms of Employment document has any bearing on obligation of any defendant, which are controlled by Job Order Form 790 with attachment.

108. Deny the allegations of paragraph 108.

109. Deny the allegations of paragraph 109.

110. Deny the allegations of paragraph 110.

111. Deny the allegations of paragraph 111.

112. Deny the allegations of paragraph 112.

113. Deny the allegations of paragraph 113.

114. Deny the plaintiffs are entitled to relief set forth in paragraph 114 or any other relief.

115. Defendants repeat and incorporate by reference any and all allegations heretofore set forth in their First Amendment to Answer.

116. Admit defendant Hood Brothers Farm was plaintiffs' employer within the meaning of H2A regulation 20 CFR § 655.103(b). By this admission, deny such status imposes any obligation on defendants herein. Deny all other allegations of paragraph 116 not specifically admitted herein.

117. Admit plaintiffs were H-2A employees of Hood Brothers Farms within the meaning of 20 CFR § 655.103(b). By this admission, deny such status imposes any obligation on defendants herein. Deny any and all other allegations of paragraph 117 not specifically admitted herein.

118. If terms of employment documents signed by all parties are shown to exist, that Clearance Order with attachment prevails over any such terms of employment documents as to contractual obligations of the parties for reasons described in paragraph 60 of their First Amendment to Answer. Deny any and all other allegations of paragraph 118 not specifically admitted to herein.

119. If terms of employment documents signed by all parties are shown to exist, that Clearance Order with attachment prevails over any such terms of employment documents as to contractual obligations of the parties for reasons described in paragraph 60 of their First Amendment to Answer. Deny any and all other allegations of paragraph 119 not specifically admitted to herein.

120. Deny the allegations of paragraph 120.

121. Deny the allegations of paragraph 121.

122. Deny the allegations of paragraph 122.

123. Deny the allegations of paragraph 123.

124. Deny the allegations of paragraph 124.

125. Deny the plaintiffs are entitled to any relief claimed in paragraph 125.

126. Defendants repeat and incorporate by reference any and all allegations heretofore set forth in their First Amendment to Answer.

127. Deny that plaintiffs are entitled to any relief under the doctrine of promissory estoppel.

128. Deny the allegations of paragraph 128.

129. Deny the allegations of paragraph 129. In the event any executed terms of employment documents are shown to exist that have been executed by plaintiffs that require reimbursement for inbound travel expenses as alleged, then such requirement is contrary to controlling clearance order ETA Form 790 with attachment, which only requires reimbursement after 50% of work period is completed.

130. Admit defendants have possession of Terms of Employment that purport to be signed by plaintiffs after they arrived in America, but do not therefore admit such documents establish contract of employment between plaintiffs and defendants Deny all other allegations of paragraph 130 not specifically admitted herein.

131. Deny the allegations of paragraph 131.

132. Deny the allegations of paragraph 132.

133. Deny the allegations of paragraph 133.

134. Deny the allegations of paragraph 134.

135. Deny the allegations of paragraph 135.

136. Deny the allegations of paragraph 136.

137. Deny the allegations of paragraph 137.

138. Deny the allegations of paragraph 138.

139. Deny that plaintiffs are entitled to relief sought in paragraph 139.

140. Defendants repeat and incorporate by reference any and all allegations heretofore set forth in their First Amendment to Answer.

141. Deny that plaintiff, Nieuwoudt has a claim for assault and battery, or assault and attempted battery against any defendant.

142. Deny the allegations of paragraph 142.

143 Deny the allegations of paragraph 143.

144. Deny that Rob Hood had offensive contact with plaintiff, Nieuwoudt therefore there was no need for him to consent to such contact, which did not occur as alleged in paragraph 144.

145. Deny the allegations of paragraph 145.

146 Deny the allegations of paragraph 146.

147. Deny the allegations of paragraph 147.

148. Deny the allegations of paragraph 148.

149. Deny the allegations of paragraph 149.

150. Pleading affirmatively, defendants plead: (a) the defense that defendants are not subject to the minimum wage provisions of the FLSA as well as any other provisions of the act including the right to liquidated damages and attorneys fees; (b) waiver of any claim for reimbursement for inbound transportation under any theory of recovery including FSLA violation, fraud or deceit, breach of contract, or promissory estoppel by failure of any plaintiff to make any demand therefor at any time while they were in the employment of Hood Brothers

Farms, as well as failure of any plaintiff to present any documentation of cost of any claimed inbound transportation, and (c) the bar of any claim for reimbursement for inbound travel because plaintiffs did not complete 50% of their work period as required by Job clearance order with attachment and 20 CFR § 655.122(h).

151. Alternatively, defendants further assert the right to set off and count as wages against recovery that any plaintiff may have for defendants' alleged violation of the Fair Labor Standards Act, breach of contract, fraud and promissory estoppel for failure to reimburse plaintiffs for inbound travel costs within their first week of employment, the costs they incurred in providing housing and utilities to plaintiffs during their period of employment for the defendant Hood Brothers Farms in accordance with Fair Labor Standards Act 29 USC 203(m) and as well as common law right of set off.

Wherefore, defendants pray:

a. that plaintiffs' claim for relief under the forced labor provision of the TVPRA (18 USC§1589 and § 1585) as set forth in plaintiff's first claim for relief be denied, and plaintiff's claim for such relief be dismissed as without merit, and judgment entered accordingly for defendants;

b. that plaintiffs' second claim for relief under the Fair Labor Standards Act be denied, and such claim be dismissed as without merit, and as being barred because they failed to complete fifty percent (50%) of their work period, and because defendants are exempt from the provisions of this act, and judgment entered accordingly for defendants.

c. that plaintiffs' third claim for relief for fraud or deceit be denied, and such claim be dismissed as without merit, and as being barred because they failed to complete fifty percent (50%) of their work period, and judgment entered accordingly for defendants.

    d.    that plaintiffs' fourth claim for relief under their contract claim be denied, and such claim be dismissed as without merit, and as being barred because they failed to complete fifty percent (50%) of their work period, and judgment entered accordingly for defendants.

    e.    that plaintiffs' fifth claim for relief on their promissory estoppel claim be denied, and such claim be dismissed as without merit, and as being barred because they failed to complete fifty percent (50%) of their work period, and judgment entered accordingly for defendants.

    f.    that plaintiff, Nieuwoudt's, claim for assault and battery as set forth in plaintiffs' sixth claim for relief be denied, and dismissed as without merit, and judgment entered accordingly for defendants;

    g.    that plaintiffs' claim for prejudgment and post judgment interest be denied, and dismissed as without merit and, judgment entered accordingly for defendants;

    h.    that plaintiffs' claim for costs and attorney's fees be denied and dismissed and defendants be awarded their costs;

    i.    that defendants recover their costs and reasonable attorneys' fees as allowed under any state or federal law.

    j.    alternatively, that if plaintiffs' claims for relief under Fair Labor Standards Act, fraud, breach of contract and promissory estoppel for defendants' failure to reimburse the plaintiffs during the first week of employment for the inbound transportation costs are held to be valid despite defendants' denial thereof, then such claims should be denied, and dismissed because plaintiffs waived the same by failing to demand payment and produce documentation during the first week of employment, or should be offset by the cost of housing, and utilities that

defendants provided to the plaintiffs for the benefit of the plaintiffs as permitted by the Fair Labor Standards Act, and the common law right of set off.

k. that defendants hereby demand a trial by jury on all issues triable by jury in accordance with Rule 38 of the Federal Rules of Civil Procedure; and

l. for any and all other relief to which they may be entitled.

Respectfully submitted,

Robert Hood, et al defendants

By Their Attorneys,
Rogers, Coe & Sumpter
By: _____
Joe M. Rogers
PO Box 1666
West Memphis, AR 72303
870-735-1900
foglemanrogers@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may then access this filing through the Court's electronic filing system this the 18th day of October, 2019. Said attorneys are listed as follows:

Joshua Gillispie
josh@greenandgillispie.com

John Burnett
jburnett@laveyandburnett.com

Melia Amal Bouhabib
abouhabib@trla.org

Caitlin Berberich
cberberich@trla.org

_____
Joe M. Rogers